**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

ABS-CBN CORPORATION, a
Philippines corporation,
ABS-CBN FILM PRODUCTIONS, INC.
d/b/a Star Cinema, a Philippines corporation,
and ABS-CBN INTERNATIONAL, a
California corporation,

       Plaintiffs,

vs.

THE INDIVIDUAL, PARTNERSHIP, OR
BUSINESS ASSOCIATION IDENTIFIED
AS KISSASIAN.COM,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ABS-CBN CORPORATION, Plaintiff ABS-CBN FILM PRODUCTIONS, INC.

d/b/a Star Cinema, and Plaintiff ABS-CBN INTERNATIONAL (hereinafter collectively,

"Plaintiffs" or "ABS-CBN"), by and through their counsel, hereby sue Defendant, the Individual,

Partnership, or Business Association identified as "KISSASIAN.COM" ("Defendant"), and

allege as follows:

## NATURE OF THE CASE

1.    This is an action for willful trademark and copyright infringement.  ABS-CBN is

the largest media and entertainment company in the Republic of the Philippines (the

"Philippines").  With its twelve large production studios, ABS-CBN produces over 2,430 hours

of original content every year for its numerous television stations, including daily drama

teleseries, drama anthologies, movies, musical and variety shows, game shows, reality shows, news programs, current affairs programs, documentaries, music video 24/7 (Myx), AM talk radio with DJ live on-screen (DZMM), FM radio shows with DJ live on-screen (MOR), and public affairs programs. Every day, ABS-CBN's programming is broadcast worldwide through its agreements with dozens of cable companies' premium channels, telecom provider partnerships, Internet subscription services, and through its own 24-hour cable and satellite service, which offers pay-per-view programming.

2.     Like many creators of movies and television content, ABS-CBN is confronted with the online infringement of the intellectual property in its programs and brands by pirate websites operating under a variety of domain names, including through the domain name "KISSASIAN.COM" (the "Subject Domain Name"). Through its website operating under the Subject Domain Name, Defendant advertises and holds out to the public that it has ABS-CBN's copyrighted content and performs ABS-CBN's copyrighted content over the Internet, in order to illegally profit from ABS-CBN's intellectual property, without ABS-CBN's consent.

3.     On information and belief, Defendant, including specifically through the website operating under the Subject Domain Name, "KISSASIAN.COM," provides on-demand streaming performances of full-length versions of ABS-CBN's movies and television shows through its website. On information and belief, Defendant facilitates access to the infringing content which is streamed through its website operating under the Subject Domain Name, rather than users of the website uploading the content. On information and belief, Defendant often displays the latest content to its servers soon after the initial premier or broadcast in the Philippines. Further, on information and belief, Defendant controls the organization and presentation of the content by itself, providing links to ABS-CBN content, identifies the content

2

as ABS-CBN's through the use of ABS-CBN's trademarks, distributes and performs such content under ABS-CBN's trademarks, and streams such content for users' viewing through its website operating under the Subject Domain Name.

4.      On information and belief, Defendant profits from its infringement at an enormous cost to ABS-CBN.  Defendant is responsible for many infringements of ABS-CBN's copyrighted movies, television shows, and trademarks. Through these infringements, Defendant is causing substantial harm to ABS-CBN, which has made significant investments of money, time and creative energies to produce the content and to develop its intellectual property, technical platform, branding, promotions, sales, and goodwill around its content and distribution services.  Moreover, because ABS-CBN operates worldwide, including through partnership agreements with premium cable channels, through its own Internet pay subscription service, and through its own 24-hour pay-per-view programming, free streaming of ABS-CBN's content by Defendant deprives ABS-CBN of substantial revenue that would otherwise be derived from consumers; deprives ABS-CBN's legitimate digital and broadcast advertisers and sponsors from having their ads and commercials viewed by these consumers; diverts customers worldwide from its subscription services and confuses consumers as to the source and legitimacy of its content and distribution channels; harms ABS-CBN's ability to continue to build out its paying customer base, particularly in international markets and the United States; and interferes with and harms ABS-CBN's distribution and sponsorship agreements, hurting its and its partners' profits and reputations.

5.      Defendant's website operating under the Subject Domain Name is a classic example of a pirate operation, having no regard whatsoever for the rights of ABS-CBN and

willfully infringing ABS-CBN's intellectual property.  As a result, ABS-CBN requires this Court's intervention if any meaningful stop is to be put to Defendant's piracy.

## JURISDICTION AND VENUE

6.      This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq*.; and copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. The registered copyrighted works at issue herein are foreign works produced in the Philippines, a Berne Convention signatory.

7.      This Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 101 *et seq*., 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

8.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark and copyright claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Defendant is subject to personal jurisdiction in this District because it targets business activities towards consumers in the State of Florida through its advertisement, promotion, distribution, and performance of pirated ABS-CBN copyrighted content via its unauthorized Internet-based content distribution service, including through the use of ABS-CBN's trademarks. Defendant's website operating under the Subject Domain Name is fully accessible in this District and Defendant infringes ABS-CBN's intellectual property rights in this District. Finally, Defendant causes harm to ABS-CBN's business within this District by diverting

customers in this District and within the State of Florida to its unauthorized Internet-based content distribution service through, at least, the website operating under the Subject Domain Name. Defendant, through its illegal distribution service, is directly and unfairly competing with ABS-CBN's economic interests in the State of Florida and causing ABS-CBN harm within this jurisdiction. ABS-CBN regularly enforces its intellectual property rights and authorized this action to be brought in its name.

10.     Venue is proper in this Court pursuant 28 U.S.C. § 1391(b) because Defendant is, on information and belief, a non-resident alien, and thus may be sued in "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such an action,' as set forth above. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(c) because a "defendant not resident in the United States may be sued in any judicial district." Finally, Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which states that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights… may be instituted in the district in which the defendant or his agent resides or may be found." Defendant may be found in this district, as it is subject to personal jurisdiction herein.

## THE PLAINTIFFS

11.     ABS-CBN Corporation is a public Philippines corporation with its principal place of business located in Quezon City, Philippines.

12.     ABS-CBN Film Productions, Inc. is a Philippines corporation and wholly-owned subsidiary of ABS-CBN Corporation with its principal place of business located in Quezon City, Philippines.

13.     ABS-CBN International is a California corporation and wholly-owned subsidiary of ABS-CBN Corporation with its principal place of business located at 150 Shoreline Drive, Redwood City, California 94065.

14.     Plaintiff, ABS-CBN International, is, and at all times relevant hereto has been, the registered owner of the trademarks identified on Schedule "A" hereto (collectively, the "ABS-CBN Registered Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "ABS-CBN Registered Marks"). The ABS-CBN Registered Marks are used in conjunction with high quality services in the categories identified in Schedule "A" hereto. True and correct copies of the Certificates of Registration for the ABS-CBN Registered Marks are attached hereto as Exhibit "1."

15.     The ABS-CBN Registered Marks have been used in interstate commerce for many years to identify and distinguish ABS-CBN's high quality services, including, but not limited to, entertainment content distribution services, for an extended period of time and serve as symbols of ABS-CBN's quality, reputation, and goodwill.

16.     The ABS-CBN Registered Marks have never been assigned or licensed to the Defendant in this matter.

17.     The ABS-CBN Registered Marks are symbols of ABS-CBN's quality, reputation, and goodwill and have never been abandoned.

18.     ABS-CBN International is also, and at all times relevant hereto has been, the owner of all rights in and to the common law trademark (the "ABS-CBN Common Law Trademark") identified on Schedule "B" hereto.

19.     The ABS-CBN Common Law Trademark is used in conjunction with high quality products and services, including entertainment content distribution services.

20.     The ABS-CBN Common Law Trademark has been used in interstate commerce for many years to identify and distinguish ABS-CBN's high quality entertainment content distribution services and serves as a symbol of ABS-CBN's quality, reputation, and goodwill.

21.     The ABS-CBN Common Law Trademark has never been assigned or licensed to the Defendant in this matter.

22.     The ABS-CBN Common Law Trademark is a symbol of ABS-CBN's quality, reputation, and goodwill and has never been abandoned.

23.     Together, the ABS-CBN Registered Marks and the ABS-CBN Common Law trademark are referred to herein as the "ABS-CBN Marks." ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International all share exclusive rights in and to the ABS-CBN Marks. Moreover, ABS-CBN Corporation, ABS-CBN Film Productions, Inc., and ABS-CBN International are all licensed to use and enforce the ABS-CBN Marks.

24.     ABS-CBN Film Productions, Inc. is the owner of the copyrights registered in the United States of America in and to the movies on Schedule "C" hereto. ABS-CBN Corporation is the owner of the copyrights registered in the United States of America in and to the television shows identified on Schedule "C" hereto. The copyrighted works identified on Schedule "C" hereto are collectively referred to herein as the "Copyrighted Works." True and correct copies of the Certificates of Registration for the ABS-CBN Copyrighted Works are attached hereto as Exhibit "2."

25.     Moreover, ABS-CBN Corporation, ABS-CBN International, and ABS-CBN Film Productions, Inc. all share exclusive rights in and to the Copyrighted Works. ABS-CBN Corporation, ABS-CBN International, and ABS-CBN Film Productions, Inc. are all licensed to distribute, perform, and enforce their rights to the Copyrighted Works.

26.     ABS-CBN is the largest media and entertainment company in the Philippines. All of ABS-CBN's TV shows and movies are initially produced in the Philippines and then aired through its broadcast facilities or regional theaters in the Philippines.  Simultaneous with, or after that original broadcast, ABS-CBN's Filipino-centric content is then distributed throughout the world via customer-paid subscriptions, including through numerous cable companies' premium channels and telecom provider partnerships, such as with DirecTV, Time Warner Cable, Cox Communications, Comcast, AT&T, Verizon Services Corp., Braintree Cable, Cablevision, CC Communications, Centurytel, Champion Broadband, Charter, Duncan Cable TV, En-Touch, Frontier Communications, GCI Cable, Golden Rain Foundation, Groton Utilities, Hawaiian Telecom, ICable, KPU CommVision, MCV, MTA Communications, Norwood Light Dept., OpenBand Media, OSN, Phonoscope, Rainier Cable TV, RCN, Rogers, San Bruno Cable, Service Electric, Shaw, Starhub, Summit Broadband, SureWest, Tacoma Public Utilities, TVMax, Wave Broadband, Windjammer Cable, Zito Media, and many more.

27.     In addition, ABS-CBN's content is distributed by ABS-CBN through Internet subscription services, such as TFC.TV and IWANTV.COM.PH, as well as through their own 24-hour cable and satellite service TFC (The Filipino Channel) and TFC IPTV, which offers Pay-Per-View programming.  On July 15, 2014, ABS-CBN launched its current TFC.TV design.  The TFC.TV portal is meant to provide its customers with improved navigation and easier access to the latest ABS-CBN shows and content.  In addition, it also includes a premium subscription package, which includes over 160+ Entertainment shows, 50+ News shows, 8+ Live shows, and 300+ Movies.

28.    ABS-CBN has expended substantial time, money, and other resources developing, advertising, and promoting the ABS-CBN Marks, Copyrighted Works, and its distribution methods and services.

29.    As a result of ABS-CBN's efforts, members of the consuming public readily identify services and content bearing the ABS-CBN Marks and promoted under the ABS-CBN Marks as high quality services and entertainment content.

30.    Genuine and authorized ABS-CBN services and content are widely legitimately advertised, promoted, and distributed by ABS-CBN and its authorized partners. Over the course of the past five to seven years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to ABS-CBN's overall marketing and consumer education efforts. Thus, ABS-CBN expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow ABS-CBN and its authorized partners to fairly and legitimately educate consumers about the value associated with the ABS-CBN brand and the content promoted thereunder.

31.    ABS-CBN creates and distributes content serving the worldwide Filipino community.  This includes the populace of the Philippines, estimated at 92.3 million persons, as well as the substantial overseas community, which is estimated at between 10.5 million and 13.5 million persons.  *See* http://www.census.gov.ph/; http://en.wikipedia.org/wiki/Overseas_Filipino. Countries with significant resident Filipino populations overseas include:  United States (3,494,281 persons); Saudi Arabia (1,267,658); UAE (931,562); Canada (852,401); Malaysia (686,547); Australia (391,705); Japan (243,136); United Kingdom (218,777); Kuwait (213,638); Qatar (200,016); Hong Kong (195,128); Singapore (184,498); and Italy (172,148).  *Id*.; *see also*

Commission on Filipinos Overseas, *Stock Estimate of Overseas Filipinos* (as of Dec. 2012) (http://cfo.gov.ph/images/stories/pdf/2012_Stock_Estimate_of_Filipinos_Overseas.pdf).

32.     The United States hosts the largest population of Filipinos outside the Philippines. *Id*.  Filipinos are estimated by the U.S. State Department to be the second-largest Asian-American group in the country.  *See* http://en.wikipedia.org/wiki/Overseas_Filipino; U.S. Department of State, *U.S. Relations with the Philippines, Bureau of East Asian and Pacific Affairs Fact Sheet* (Jan. 31, 2014) (http://www.state.gov/r/pa/ei/bgn/2794.htm).  In addition, Tagalog is the fifth most spoken language in the U.S.  *See* http://en.wikipedia.org/wiki/Overseas_Filipino.  Moreover, Florida is the state with the ninth largest Filipino American population. *See* http://en.wikiedia.org/wiki/Demographics_of_Filipino_Americans. Florida is a critical market in the United States for ABS-CBN's business given the size of the State's Filipino community.

## THE DEFENDANT

33.     Defendant operates through the Subject Domain Name and is comprised of an individual, partnership and/or business entity of unknown makeup, which, upon information and belief, resides and/or operates in foreign jurisdictions. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendant's website operating under the Subject Domain Name is fully accessible in this District and throughout the United States of America.

34.     Upon information and belief, Defendant uses aliases in conjunction with the operation of its businesses.

35.     On information and belief, Defendant is directly and personally contributing to, inducing, and engaging in trademark and copyright infringement, as alleged herein.

36.     Defendant is part of an ongoing scheme to create and maintain an illegal online distribution network of ABS-CBN's and others' intellectual properties which (i) confuses consumers as to the source of Defendant's infringing content and the legitimacy of its distribution service and (ii) expands the marketplace for illegal distribution services of pirated content while shrinking the legitimate marketplace for genuine distribution services of ABS-CBN's Copyrighted Works. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with the ABS-CBN name and associated trademarks, as well as the destruction of the legitimate market sector in which it operates.

37.     Defendant is the past and present conscious force behind the operation of, at least, the website operating under the Subject Domain Name.

38.     On information and belief, Defendant directly engages in unfair competition with ABS-CBN by (i) advertising, offering for distribution, promoting, and performing ABS-CBN's Copyrighted Works without authorization under counterfeits and infringements of ABS-CBN's trademarks to consumers within the United States and within this district through the fully accessible website operating under the Subject Domain Name, as well as additional domains and websites not yet known to ABS-CBN, and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from legitimate distribution services of the Copyrighted Works offered by ABS-CBN and its partners. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, offers to perform, and performance of ABS-CBN's Copyrighted Works in the State. Defendant's website operating under the Subject Domain Name is accessible in the Southern District of Florida and infringements of ABS-CBN's intellectual property are viewable thereon in the Southern District of Florida.

39.     On information and belief, Defendant has registered, established, or purchased, and maintained its Subject Domain Name, and the website operating thereunder. On information and belief, Defendant has anonymously registered and maintained the Subject Domain Name for the sole purpose of engaging in illegal activities.

40.     On information and belief, Defendant will continue to register, transfer, and/or acquire new domain names for the purpose of infringing ABS-CBN's trademarks and copyrights unless preliminarily and permanently enjoined. Moreover, on information and belief, Defendant will continue to maintain and grow its illegal distribution service network at ABS-CBN's expense unless preliminarily and permanently enjoined.

41.     Defendant's entire Internet-based website business amounts to nothing more than an illegal operation established and operated in order to infringe the intellectual property rights of ABS-CBN and others.

42.     Defendant's business names (*i.e.*, the Subject Domain Name and any other domain names used in connection with infringing ABS-CBN's trademarks or copyrights), are essential components of Defendant's infringing activities.  The Subject Domain Name itself is a significant part of the means by which Defendant furthers its infringing scheme and causes harm to ABS-CBN in that it causes and effects the infringement as described below. Moreover, Defendant is using ABS-CBN's famous name, trademarks, and Copyrighted Works to drive Internet consumer traffic to its website operating under the Subject Domain Name, thus increasing the value of the Subject Domain Name and decreasing the size and value of ABS-CBN's legitimate common marketplace at ABS-CBN's expense.

## FACTUAL ALLEGATIONS

*A.*   ***Defendant's Domain and Associated Website.***

43.   On information and belief, and at all times relevant hereto, Defendant in this action has had full knowledge of ABS-CBN's ownership of the ABS-CBN Marks and the Copyrighted Works, including its exclusive rights to use, perform, distribute, and license such intellectual property and the goodwill associated therewith.

44.   Defendant advertises ABS-CBN's Copyrighted Works to the public, and uses the ABS-CBN Marks to distribute and perform such content.  *See* Exhibit 3 attached hereto, examples of Defendant's infringement of the ABS-CBN Marks.  Defendant uses the ABS-CBN Marks, without authorization, to attract consumer traffic to its website operating under the Subject Domain Name and to distribute and perform infringements of the Copyrighted Works available thereon. *See* Exhibit 4 attached hereto, examples of Defendant's infringement of the Copyrighted Works.

45.   ABS-CBN's representatives have viewed the infringements of the ABS-CBN Marks as well as infringements of ABS-CBN's Copyrighted Works on Defendant's website operating under the Subject Domain Name in the Southern District of Florida.

46.   Further, Defendant uses the ABS-CBN Marks, without authorization, to falsely suggest the distribution method of the infringing video content embedded on the website operating under the Subject Domain Name for streaming is an authorized, genuine distribution service approved, endorsed, and sponsored by ABS-CBN.  *See* Exhibits 3 and 4.

47.   Defendant's website operating under the Subject Domain Name streams many of ABS-CBN's Copyrighted Works.  *See* Exhibit 4.

48.     On information and belief, Defendant's streaming of the video content also enables users to copy the Copyrighted Works.

49.     On information and belief, Defendant's website operating under the Subject Domain Name is a "closed website," meaning that it does not allow users to make additions or changes to the website, such that the content streamed through the website can only be provided by the website's operators and not uploaded by viewers.  On information and belief, the operators of Defendant's website operating under the Subject Domain Name also insert the links provided on the website through which users view ABS-CBN's video content in a player window on the website itself.  When a user clicks on the link to one of ABS-CBN's movies or television shows, Defendant's website operating under the Subject Domain Name then streams the full-length version of the video.  This includes, but is not limited to, the movies and television shows identified on Schedule "C" hereto and in Exhibit 2.

50.     On information and belief, the large inventory of popular entertainment content available on Defendant's website operating under the Subject Domain Name, including full-length copies of newly released movies, television show episodes, and archived movies and television show episodes – all available at the click of a button and often made available immediately after the original premiere – is provided in order to attract users to the infringing content.

51.     Defendant's Internet-based website business is an illegal operation, infringing on the intellectual property rights of ABS-CBN through its distribution and performance of ABS-CBN's Copyrighted Works and using the ABS-CBN Marks to promote, advertise, and distribute such content.  On information and belief, Defendant is using identical copies of ABS-CBN's trademarks for different quality services. ABS-CBN has extensively and continuously used the

14

ABS-CBN Marks before Defendant began offering counterfeit and confusingly similar imitations of ABS-CBN's distribution services. The net effect of Defendant's actions will cause confusion of consumers at the time of initial interest and during the use of the Defendant's illegal distribution service on its website operating under the Subject Domain Name, who will believe Defendant's website is a legitimate, authorized distributor of ABS-CBN's Copyrighted Works or is authorized and/or approved by ABS-CBN.

52.     On information and belief, Defendant operates a website that serves only one purpose – to function as a commercial online hub for publicly providing performances of popular copyrighted content, including many of ABS-CBN's Copyrighted Works, over the Internet to many users, without authorization or license. On information and belief, Defendant effects this illegal scheme, in part, through the draw to consumers of ABS-CBN's Marks on its website operating under the Subject Domain Name in order to achieve higher rankings in search engines.

53.     Defendant is infringing ABS-CBN's trademarks through its copying, use, distribution and/or performance of ABS-CBN's Copyrighted Works under the ABS-CBN Marks on the fully accessible Internet website operating under the Subject Domain Name.

54.     Defendant is causing harm to ABS-CBN and the consuming public by (i) causing an overall degradation of the value of the goodwill associated with the ABS-CBN Marks, (iii) increasing ABS-CBN's overall cost to market its content and services and educate consumers about its brand via the Internet, and (iii) maintaining an illegal marketplace enterprise which perpetuates the ability of Defendant and future entrants to that marketplace to confuse consumers and harm ABS-CBN with impunity.

55.     On information and belief, Defendant is conducting and targeting its counterfeiting and infringing activities towards consumers and causing harm, within this district

15

and elsewhere throughout the United States. As a result, Defendant is defrauding ABS-CBN and the consuming public for Defendant's benefit.

56.     Defendant's use of the ABS-CBN Marks and performances of the Copyrighted Works are without ABS-CBN's consent or authorization.

57.     Defendant is engaging in the above-described illegal counterfeiting and infringement activities knowingly and intentionally or with reckless disregard or willful blindness to ABS-CBN's intellectual property rights for the purpose of trading on ABS-CBN's goodwill and reputation. If Defendant's intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

58.     Defendant's above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers and the public before, during, and after their use of the Defendant's illegal content distribution services. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers and the public into believing there is a connection or association between ABS-CBN and Defendant, which there is not.

59.     On information and belief and based on publicly available sources, by advertising, promoting and performing the Copyrighted Works, and encouraging, facilitating and assisting in the viewing and copying of the copyrighted content, Defendant's website attracts hundreds of thousands of page views each day.

60.     On information and belief, the infringement-driven traffic increases the volume of online advertising impressions and transactions, and thereby increases online advertising revenues and enables Defendant to charge advertisers higher rates, and reap significant profits thereby.  Moreover, the wrongfully obtained consumer traffic increases the value of the Subject

Domain Name.  In these ways, the Defendant's business model critically depends on attracting users to view ABS-CBN's highly-valued Copyrighted Works.

61.    On information and belief, Defendant derives revenue from ad impressions, and the sale of highly valuable user analytic data, from and to the ad services that are operating on its website operating under the Subject Domain Name.

62.    Defendant, on information and belief, infringes, and induces, causes and/or materially contributes to the infringing activity of its users by promoting, through the text and content of the website operating under the Subject Domain Name, the presence and availability of copies of ABS-CBN's Copyrighted Works.  *See* Exhibits 3 and 4.

63.    On information and belief, Defendant infringes, and induces, causes and/or materially contributes to the infringing activity of its users by distributing and performing, through the use of ABS-CBN's trademarks and identification of movies and television shows as ABS-CBN's, the Copyrighted Works.  *See* Exhibits 3 and 4.

64.    Defendant infringes, and induces, causes and/or materially contributes to the infringing activity of its users by frequently updating its inventory of content, often very shortly thereafter the original premier in the Philippines, in order to tap into the known market for pirated Filipino-centric content and constantly promote to consumers the presence and availability of copies of ABS-CBN's Copyrighted Works, including movies currently in theaters and recently premiered television show episodes.

65.    Because Defendant causes the infringed content to be displayed on its website operating under the Subject Domain Name and be streamed, it could stop the infringement at any point.

66.     However, Defendant does not implement any means to prevent infringement because to do so would defeat the very purpose for which the Subject Domain Name and associated website exists – *i.e.*, to provide copyrighted movies and television shows with Filipino content by infringing upon the trademarks of the largest media company in the Philippines.

67.     Defendant has actual and constructive knowledge, or should have knowledge, of it and its users' infringement of ABS-CBN's Copyrighted Works and trademarks for at least the reasons that:  (i) it inserts and provides links to, organizes by movie or television show title, and performs the infringing content for users; (ii) it distributes and performs the content under ABS-CBN's Marks; (iii) as the largest media and entertainment company in the Philippines, ABS-CBN's Copyrighted Works are highly popular in Filipino communities and Defendant profits as a direct result of performing that content.

68.     ABS-CBN has no adequate remedy at law.

69.     ABS-CBN is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendant's unauthorized and unlawful use of the ABS-CBN Marks and Copyrighted Works. If Defendant's counterfeiting and infringing activities and its illegal marketplace enterprise are not preliminarily and permanently enjoined by this Court, ABS-CBN and the consuming public will continue to be harmed.

70.     The harm and damage sustained by ABS-CBN has been directly and proximately caused by Defendant's infringing activities and by the creation, maintenance, and very existence of Defendant's illegal marketplace.

## CLAIMS FOR RELIEF

### Count One -- Trademark Counterfeiting and Infringement

71.     ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

72.     This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeits, copies and/or colorable imitations of the ABS-CBN Marks on its website operating under the Subject Domain Name, which distributes and performs infringements of ABS-CBN's Copyrighted Works (the "pirated content").

73.     Specifically, Defendant is distributing and performing the ABS-CBN Copyrighted Works using the ABS-CBN Marks, without authorization.  *See* Exhibits 3 and 4.

74.     Defendant's counterfeiting and infringing use of the ABS-CBN Marks is likely to cause and actually is causing confusion, mistake, and deception among members of the general public as to the origin and quality of the pirated content as well as the legitimacy of Defendant's illegal distribution service.

75.     Defendant's unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to ABS-CBN and are unjustly enriching Defendant at ABS-CBN's expense.

76.     Defendant's above-described illegal actions constitute counterfeiting and infringement of the ABS-CBN Marks in violation of ABS-CBN's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

77.     ABS-CBN has suffered and will continue to suffer irreparable injury due to Defendant's above described activities if Defendant is not temporarily, preliminarily and permanently enjoined.

## Count Two -- False Designation of Origin Pursuant to § 43(a) of the Lanham Act

78.     ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

79.     Defendant's illegal distribution service for the pirated content is using exact copies of the ABS-CBN Marks to perform and distribute the Copyrighted Works, including within many of ABS-CBN's important business markets, such as the State of Florida.

80.     Defendant is using the ABS-CBN Marks in connection with its illegal distribution service for the Copyrighted Works in violation of ABS-CBN's intellectual property rights and to intentionally confuse consumers into believing the pirated content and distribution services are sponsored and endorsed by ABS-CBN.  *See* Exhibits 3 and 4.  Defendant's unauthorized use of the ABS-CBN Marks is designed to falsely suggest that its activities are sponsored and/or endorsed by ABS-CBN.   On information and belief, Defendant's unlawful use of the ABS-CBN Marks is designed to make its services appear legitimate in order to attract a larger number of viewers which results in larger advertising revenues for Defendant.

81.     Defendant, on information and belief, has used in connection with its illegal distribution service, false designations of origin and false descriptions and representations, including words or symbols which tend to falsely describe or represent such distribution services to the general viewing public, with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to ABS-CBN's detriment.

82.     Defendant has authorized infringing uses of the ABS-CBN Marks in connection with its illegal distribution service for the Copyrighted Works.  Defendant has misrepresented to members of the consuming public that the distribution services of pirated content to which

Defendant is facilitating access to is a genuine and authorized distribution service of ABS-CBN, and that its distribution services for such content are sponsored and/or endorsed by ABS-CBN.

83.     Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

84.     ABS-CBN has no adequate remedy at law, and has sustained injury and damages caused by Defendant's conduct.  Absent an entry of an injunction by this Court, ABS-CBN will continue to suffer irreparable injury to their goodwill and business reputation, as well as monetary damages.

### Count Three -- Common Law Unfair Competition

85.     ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

86.     This is an action against Defendant based on its (i) performance and distribution of pirated ABS-CBN content using marks which are identical, both visually and phonetically, to the ABS-CBN Marks and the (ii) creation and maintenance of an illegal ongoing forum in which viewers may access public performances of and copy the pirated ABS-CBN content, operating parallel to ABS-CBN's own Internet pay subscription service through which ABS-CBN promotes its genuine content, in violation of Florida's common law of unfair competition.

87.     Specifically, and as described above, Defendant is promoting, advertising, and otherwise facilitating access to and copying of the Copyrighted Works using the ABS-CBN Marks for the purpose of creating a veneer of legitimacy for Defendant's operation.  *See* Exhibits 3 and 4.  Defendant, on information and belief, is infringing on ABS-CBN's intellectual property to unfairly compete with ABS-CBN and others for (i) space in search engine results across an

array of search terms and (ii) visibility on the World Wide Web, for the purpose of earning a profit at the ABS-CBN's expense.

88.     Defendant's infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendant's distribution services by its use of the ABS-CBN Marks.

89.     ABS-CBN has no adequate remedy at law and is suffering irreparable injury as a result of Defendant's actions, as well as monetary damages.

## Count Four – Common Law Trademark Infringement

90.     ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as if set fully forth herein.

91.     This is an action for common law trademark infringement against Defendant based on its offering for distribution, distribution, offers to perform, and performance of the Copyrighted Works using ABS-CBN's Marks. ABS-CBN is the owner of all common law rights in and to the ABS-CBN Marks.

92.     Specifically, Defendant, upon information and belief, is offering for distribution, distributing, offering to perform and performing the Copyrighted Works using infringements of the ABS-CBN Marks.

93.     Defendant's infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's distribution service using the ABS-CBN Marks.

94.     ABS-CBN has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

## <u>Count Five -- Direct Infringement of Copyright</u>

95.     ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

96.     ABS-CBN Film Productions, Inc. has registered and owns the copyrights in and to the movies identified on Schedule "B" hereto and in Exhibit "2;" ABS-CBN Corporation has registered and owns the copyrights in and to the television shows identified on Schedule "B" hereto and in Exhibit "2."

97.     Defendant has copied, performed, and distributed these works through its website operating under the Subject Domain Name as part of a large scale and ongoing daily illegal enterprise. This illegal enterprise, without injunctive relief, will continue through the Subject Domain Name as well as through other domains owned now or in the future by the Defendant.

98.     Defendant is directly liable for infringing ABS-CBN's copyrighted works under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501.

99.     Without authorization from any Plaintiff, or right under law, Defendant has directly infringed ABS-CBN's Copyrighted Works by its performance and distribution of those works used by Defendant to cause and effect the copying, performance and/or distribution of those works through its website operating under the Subject Domain Name to public users worldwide.  *See* Exhibits 3 and 4.

100.     Defendant has actual and constructive knowledge, or should have knowledge, of its infringement of ABS-CBN's Copyrighted Works for at least the reasons that:  (i) it inserts and provides links to, organizes by show title, and performs the infringing content, and does so for the purpose of users' viewing of pirated content; (ii) it advertises and promotes the content on its website operating under the Subject Domain Name; (iii) as the largest media and entertainment

company in the Philippines, ABS-CBN's content is highly popular in Filipino communities and Defendant profits as a direct result of performing that content.

101.    The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to ABS-CBN's rights.

102.    As a direct and proximate result of Defendant's infringement of ABS-CBN's exclusive rights, ABS-CBN is entitled to actual damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

103.    Defendant's unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to ABS-CBN and are unjustly enriching Defendant at ABS-CBN's expense.

104.    Alternatively, ABS-CBN is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

105.    ABS-CBN is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

106.    In addition, ABS-CBN is entitled to injunctive relief, as set forth below, because of the continuing infringement of many of ABS-CBN's Copyrighted Works and because of the significant threat of future infringement as evidenced herein.

### Count Six -- Contributory Infringement of Copyright

107.    ABS-CBN hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

108.    On information and belief, users of Defendant's website operating under the Subject Domain Name have directly infringed ABS-CBN's copyrights, including those

Copyrighted Works identified on Schedule "B" hereto and in Exhibit 2, by performing, copying and/or distributing works owned by ABS-CBN, without authorization, or right under law, in violation of the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501.

109.    Defendant is contributorily liable for its users' direct infringement of ABS-CBN's Copyrighted Works in violation of the Copyright Act.

110.    Defendant has actual and constructive knowledge, or should have knowledge, of its users' infringement of ABS-CBN's Copyrighted Works for at least the reasons that: (i) it inserts and provides links to, organizes by movie or television show title, and performs the infringing content, and does so for the purpose of users' viewing; (ii) it advertises and promotes the content on the website operating under the Subject Domain Name; and (iii) as the largest media and entertainment company in the Philippines, ABS-CBN's content is highly popular in Filipino communities and  Defendant profits as a direct result of performing that content.

111.    Defendant induces, causes and/or materially contributes to the infringing activity of its users for all the reasons stated herein, including but not limited to because Defendant: (i) advertises the presence and availability Filipino content; (ii) promotes the presence and availability of Filipino content and, specifically, ABS-CBN's content, through (a) the text and content on its website operating under the Subject Domain Name and (b) through the use of ABS-CBN's trademarks and specific identification of movies or television shows as ABS-CBN's (iii) displays pirated content and organizes that content for ready access by movie or television show title; (iv) inserts the links on its website operating under the Subject Domain Name directing users where to view the content; (v) streams the pirated content to users for viewing; (vi) frequently updates its inventory of pirated content, often within minutes or hours of the premier or broadcast in the Philippines, in order to tap into the known market for pirate Filipino-

centric content and constantly to feed the consumers' desire for that content; (vii); enables users to copy the works; and (viii) because by promoting and providing the content, Defendant drives more traffic to its website operating under the Subject Domain Name to increase the profits it reaps from advertising and other revenue.

112.    Defendant has the right and ability to supervise and control its website operating under the Subject Domain Name and the users' infringing activity as set forth above.  Because Defendant causes the infringed content to be loaded on its "closed website" and be streamed on its website operating under the Subject Domain Name, it could stop the infringement at any point.

113.    Defendant derives a financial benefit directly attributable to its users' infringement of ABS-CBN's copyrights.  Popular, copyrighted works act as a draw that attracts users and advertising to the Subject Domain Name and associated website, resulting in revenues from advertising impressions tied to page views and other sources.

114.    Defendant has taken affirmative steps to foster infringement by creating its website operating under the Subject Domain Name and streaming the content, viewed through video player embedded thereon, with the object of promoting the illegal viewing of ABS-CBN's copyrighted movies and television shows by presentation of the movies and television shows in association with ABS-CBN as the television network and titles associated with a telecast; and by promoting the website and its pirated content through its website operating under the Subject Domain Name.  *See* Exhibits 3 and 4.

115.    Defendant does not merely respond to user requests in a passive, content-neutral, and automated manner.  To the contrary, as set forth above, it controls the selection and provision of the content and are the causes making that content available and accessible to its

public users.  Without the active and material contributions from Defendant, the massive infringement complained of herein could not have taken place.

116.    Defendant targets known demand for illegal access to and viewing of the Copyrighted Works in this District and throughout the world.

117.    Defendant is the direct and proximate cause of the harm to ABS-CBN alleged herein.

118.    The foregoing acts of infringement by Defendant has been willful, intentional, and purposeful, in disregard of and indifferent to ABS-CBN's rights.

119.    Defendant's unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to ABS-CBN and are unjustly enriching Defendant at ABS-CBN's expense.

120.    As a direct and proximate result of Defendant's infringement of ABS-CBN's exclusive rights, ABS-CBN is entitled to actual damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

121.    Alternatively, ABS-CBN is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

122.    ABS-CBN is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

123.    In addition, ABS-CBN is entitled to injunctive relief, as set forth below, because of the continuing infringement of many of ABS-CBN's Copyrighted Works and because of the significant threat of future infringement as evidenced herein.

## PRAYER FOR RELIEF

WHEREFORE, ABS-CBN demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, against Defendant as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from advertising, promoting, performing, copying, broadcasting, performing, and/or distributing any ABS-CBN Copyrighted Works and/or content that currently exists or which exists in the future; from infringing, counterfeiting, or diluting the ABS-CBN Marks, or any mark or trade dress similar thereto, in connection with the offering of any unauthorized services, including but not limited to the advertisement, promotion, performance, copying, broadcasting, performance, and/or distribution of any ABS-CBN Copyrighted Works and/or other ABS-CBN content that currently exists or which exists in the future, from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with ABS-CBN; from falsely representing themselves as being connected with ABS-CBN, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the public to believe any content or services of Defendant is in any way endorsed by, approved by, and/or associated with ABS-CBN; from using any reproduction, counterfeit, infringement, copy or colorable imitation of the ABS-CBN Marks in connection with the publicity, promotion, advertising, or distribution of any services by Defendant or any content by Defendant; from affixing, applying, annexing or using in connection with the promotion, distribution, or advertisement of any services or content, a false description or representation, including words or other symbols

28

tending to falsely describe or represent Defendant's services as being connected with ABS-CBN, or in any way endorsed by ABS-CBN; from engaging in search engine optimization strategies using colorable imitations of the ABS-CBN name or trademarks; and from otherwise unfairly competing with ABS-CBN.

B.      Entry of temporary, preliminary and permanent, enjoining Defendant from creating, maintaining, operating, joining, and participating in its World Wide Web based illegal marketplace used to copy, distribute, perform, advertise, or promote services offering pirated content, including but not limited to the Copyrighted Works, bearing counterfeits or infringements of the ABS-CBN Marks.

C.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that upon ABS-CBN's request, the top level domain (TLD) Registry for the Subject Domain Name or its administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for the domain name, thus removing it from the TLD zone files which link the Subject Domain Name to the IP address where the associated website is hosted.

D.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at ABS-CBN's election, transferring the Subject Domain Name and any other domain names used by Defendant to engage in above described infringing activities at issue, including counterfeiting of the ABS-CBN Marks at issue, to ABS-CBN's control so it may no longer be used for illegal purposes.

E.      Entry of an Order requiring Defendant to account to and pay ABS-CBN for all profits and damages resulting from Defendant's trademark counterfeiting and infringing activities and that the award to ABS-CBN be trebled, as provided for under 15 U.S.C. § 1117, or,

at ABS-CBN's election with respect to Count I, that ABS-CBN be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and service offered, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

F.      Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of ABS-CBN's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

G.      Entry of an Order requiring Defendant to pay ABS-CBN for all profits and damages resulting from Defendant's copyright infringement and infringing activities, together with appropriate interest thereon; that Defendant be required to account to ABS-CBN for, and disgorge to ABS-CBN, and to pay to ABS-CBN, all the gains, profits, savings and advantages realized by Defendant from its acts of copyright infringement described above; or, at ABS-CBN's election with respect to Counts V and VI, that ABS-CBN be awarded statutory damages from Defendant in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered copyrighted work infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of  Defendant's infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

H.      Entry of an Order requiring all funds, up to and including the total amount of judgment, in payment accounts or advertising revenue accounts used in connection with the Subject Domain Name, and any other accounts, to be surrendered to ABS-CBN's in partial satisfaction of the monetary judgment entered herein.

I.      Entry of an order requiring Defendant to pay prejudgment interest according to law.

J.      Entry of an order for such other and further relief as the Court may deem proper and just.

DATED: February 16, 2017.      Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: _____ s:/*Stephen M. Gaffigan*/ _____
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
Christine Ann Daley (Fla. Bar. No. 98482)
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: Stephen@smgpa.net
E-mail: Leo@smgpa.net
E-mail: Christine@smgpa.net

Attorneys for Plaintiffs

**SCHEDULE "A"**
**PLAINTIFFS' REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class / Services |
|---|---|---|---|
| **ABS-CBN** | 2,334,131 | March 28, 2000 | IC 036 – telephone calling card services<br>IC 038 – Television broadcasting services via satellite and cable |
| **TFC** | 3,733,072 | Jan. 5, 2010 | IC 038 – Television broadcasting services via satellite and cable<br>IC 041 – Production and programming of television shows, entertainment and a variety of programming distributed over television, satellite and via a global computer network |

**SCHEDULE "B"**
**PLAINTIFFS' COMMON LAW TRADEMARK**

| Trademark |
|:---:|
|  |

SCHEDULE "C"
**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS**

| Title of Work | Registration Number | Registration Date | Owner of Copyrighted Work | Type of Copyrighted Work |
|---|---|---|---|---|
| All You Need is Pag-Ibig | PA 1-997-534 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Always Be My Maybe | PA 1-997-531 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Beauty & the Bestie | PA 1-997-536 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Breakup Playlist, The | PA 1-997-537 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Bride for Rent | PA 1-940-387 | 4/28/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Crazy Beautiful You | PA 1-940-375 | 4/28/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Dukot | PA 1-997-530 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Etiquette for Mistresses | PA 1-997-538 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Everyday I Love You | PA 1-997-539 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Ex With Benefits | PA 1-997-540 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Girl Boy Bakla Tomboy | PA 1-997-541 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Halik Sa Hangin | PA 1-940-376 | 4/28/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |

| Title of Work | Registration Number | Registration Date | Owner of Copyrighted Work | Type of Copyrighted Work |
|---|---|---|---|---|
| It Takes a Man and a Woman | PA 1-997-528 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Just the Way You Are | PA 1-997-542 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Love Affair, The | PA 1-997-543 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Maybe This Time | PA 1-940-383 | 4/28/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| On the Job | PA 1-875-014 | 12/2/2013 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Second Chance, A | PA 1-965-375 | 12/8/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| She's Dating the Gangster | PA 1-997-547 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Starting Over Again | PA 1-940-386 | 4/28/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| This Guy's In Love With You Mare! | PA 1-997-548 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Trial, The | PA 1-942-399 | 5/18/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| You're Still The One | PA 1-997-533 | 8/23/2016 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| You're My Boss | PA 1-941-932 | 5/11/2015 | ABS-CBN Film Productions, Inc. d/b/a Star Cinema | AV WORK/ MOTION PICTURE |
| Be My Lady: 07-28-2016 episode | PA 1-995-707 | 8/3/2016 | ABS-CBN Corporation | AV WORK/ MOTION PICTURE |
| Born For You: 07-28-2016 episode | PA 1-995-710 | 8/3/2016 | ABS-CBN Corporation | AV WORK/ MOTION PICTURE |

| Title of Work | Registration Number | Registration Date | Owner of Copyrighted Work | Type of Copyrighted Work |
|---|---|---|---|---|
| Dolce Amore: 07-28-2016 episode | PA 1-995-712 | 8/3/2016 | ABS-CBN Corporation | AV WORK/ MOTION PICTURE |